UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> CLEON RILEY, ) <br> ) <br> Defendant. ) | CRIMINAL ACTION <br><br> NO. 4:18-40040-TSH |

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO VACATE (Docket No. 48)

### October 23, 2019

**HILLMAN, D.J.**

On November 26, 2018, Cleon Riley ("Defendant") pled guilty to felon in possession of a firearm and ammunition; distribution of and possession with intent to distribute cocaine and cocaine base; and possession with intent to distribute fentanyl. (Docket Nos. 33, 34). On March 19, 2019, this Court sentenced Defendant to 180 months of imprisonment and 72 months of supervised release. (Docket No. 42). Defendant did not file an appeal. He now moves to vacate under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel and inadequate knowledge of the mens rea requirement of 18 U.S.C. § 922(g). (Docket No. 48). For the following reasons, the Court ***denies*** Defendant's motion.

### Discussion

*1. Ground One*

Defendant contends that his counsel "rendered ineffective assistance by failing to file a notice of [a]ppeal." (Docket No. 48 at 4). To establish a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient" and (2) "that the

deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of the failure to file an appeal, a "defense attorney's representation is constitutionally deficient if the attorney either 'disregards specific instructions from the defendant to file a notice of appeal' or fails (under certain circumstances) to consult with the defendant about an appeal.'" *Rojas-Medina v. United States*, 924 F.3d 9, 15 (1st Cir. 2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). Prejudice is presumed if a defendant shows that "counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken." *Flores-Ortega*, 528 U.S. at 484.

Here, Defendant asserts that his counsel failed to file an appeal despite specific instructions to do so. But Defendant does not indicate *when* he gave his counsel instructions to appeal his conviction or sentence. And his June 26, 2016, motion for an extension of time to file an appeal implies that any request, if made, occurred outside the applicable fourteen-day window. *See* Docket No. 44 at 1 ("I was never informed by my attorney that I was able to appeal the sentence and/or judgment of the Court. Had I been informed that I only had 14 days to file an appeal, I *would have* instructed my attorney to file the appeal immediately. I recently found out while researching at the inmate law library.") (emphasis added). Because the record suggests that Defendant was time-barred from filing an appeal by the time he requested one, Defendant has not shown that his counsel's counsels failure to file a notice of appeal "deprive[d him] of an appeal that he otherwise would have taken."[1] *See Flores-Ortega*, 528 U.S. at 484.

---

[1] To the extent Defendant might argue that his counsel had a duty to consult with him regarding an appeal, the Court disagrees. Defendant does not contend that he had any nonfrivolous argument to raise on appeal or that he reasonably expressed in interest in an appeal. *See Rojas-Medina*, 924 F.3d at 15 (noting that the duty to consult arises when a rational defendant would want to appeal or when a defendant reasonably demonstrates an interest in an appeal).

2

## 2. Ground Two

Defendant contends that his lawyer failed to instruct him on the mens rea requirements of § 922(g)(1). Specifically, he asserts that he did not know that the Government would need to prove knowledge of his status as a felon. (Docket No. 48 at 5). Defendant relies on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), decided after Defendant's conviction and sentence became final. In *Rehaif*, the Supreme Court determined that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

No court has found that *Rehaif* applies retroactively to cases on collateral review, so it is not clear Defendant can raise this challenge under § 2255. *See, e.g.*, *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Moore v. United States*, No. 2:19-cv-02572-TLP-tmp, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019); *United States v. Grigsby*, No. 12-10174-JTM, 2019 WL 3302322, at *1 (D. Kan. July 23, 2019). Even assuming *arguendo* that *Rehaif* applies retroactively, however, Defendant has not alleged actual prejudice. *See Sustache-Rivera v. United States*, 221 F.3d 8, 18 (1st Cir. 2000) ("Because this case is on collateral review-as opposed to direct review-we apply the 'actual prejudice' harmless error test described in *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L.Ed.2d 353 (1993)."). His failure to show that he would not have pled guilty had he known that the Government needed to prove knowledge of his status as a felon or that a jury would have found that he lacked such knowledge is fatal to his challenge. *See Ellis v. United States*, 313 F.3d 636, 644 (1st Cir. 2002) (noting that the harmless error "standard requires us to ask whether the error had a substantial and injurious effect or influence on the outcome of the proceedings").

### Conclusion

For the reasons above, the Court ***denies*** Defendant's motion to vacate (Docket No. 48).

### Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S. Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability with respect to denial of the petition because I find that reasonable jurists could not debate whether Defendant's counsel rendered ineffective assistance by failing to file an appeal or whether Defendant demonstrated actual prejudice regarding the mens rea requirement of § 922(g)(1).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
